UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RICKY JONES,

        Plaintiff,

  vs.

LARRY SHEW, *et al.*,

        Defendants.

3:07-CV-00021-BES (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

August 27, 2007

    This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#14). Plaintiff opposed (#16) and defendants replied (#18). The court has thoroughly reviewed the record and the motions and recommends that defendants motion to dismiss (#14) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Ricky Jones ("plaintiff") is currently incarcerated in the custody of Wisconsin authorities at the Racine County Jail (#21). When plaintiff commenced this action on November 22, 2006, he was incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#1, Exhibit A).[1] Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment right to be free from retaliation and his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* Plaintiff names as defendants Correctional Officer Larry Shew, Correctional Officer Brandon, Correctional Officer

---

[1] Plaintiff originally filed this action in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine (#1, Exhibit A). Defendants Shew and Foster removed this action pursuant to 28 U.S.C. §§ 1441 - 1443 on January 11, 2007 (#1). On January 12, 2007, defendant Dr. Gary Siegel filed a joinder in notice of removal of action (# 2). Defendants filed this motion to dismiss on March 8, 2007 (#14).

E. Johnson, Correctional Officer Viclowski, Dr. Gary Seigel, and Warden Sheryl Foster. *Id*.

In count I, plaintiff alleges that on October 23, 2006, defendant Shew directed a racial/sexual joke at the plaintiff while he was being examined by Dr. Siegel. *Id.* Plaintiff claims that he felt humiliated and requested that defendant Seigel intervene on his behalf. *Id.* When defendant Seigel refused, plaintiff ended the examination. *Id.* Plaintiff filed a grievance against defendant Shew that day. *Id.* Plaintiff alleges that on October 25, 2006, in retaliation for his October 23 grievance, defendant Shew pulled his legs while he was in restraints, causing him to fall and injure his chin and elbow, which resulted in disfigurement. *Id.* Plaintiff also alleges that Dr. Siegel was negligent in failing to diagnose his chin and elbow injuries. *Id.*

In Count II, plaintiff alleges that on December 29, 2005, defendant Brandon caught him in an automatic gate, and applied pressure to deliberately inflict injury. *Id.* Plaintiff further alleges that defendants Brandon and Johnson put him in an illegal choke hold on March 31, 2006. *Id.* Finally, plaintiff claims that Warden Foster failed to remedy his situation during the grievance process. *Id.*

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (quoting *Branch v. Tunnell*,

14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). However, Rule 12 provides

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). Notwithstanding this rule, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court." *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th Cir. 1983). A motion filed with extraneous materials is to be treated as a motion for summary judgment only if the court relies on the material. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003). Conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. *Id*. at 1144.

### 2. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006).

Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The

moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### 3. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

The Supreme Court has held that the PLRA requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006). "Proper exhaustion" is defined as "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 2385 (citations omitted). *Woodford* sets forth two tests for "proper exhaustion" – the "merits" test and the "compliance" test. *Jones v. Stewart*, 457 F.

Supp.2d 1131, 1134 (D. Nev. Oct. 4, 2006). This court has stated that

> [t]he "merits test" is satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels. The "compliance test" is satisfied when a plaintiff complies with all "critical procedural rules," including agency deadlines. A finding that a plaintiff has met either test is sufficient for finding "proper exhaustion." *Id*. Defendants must show that plaintiff failed to meet both the merits test and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies.

*Id*. In *Jones*, this court rejected the defendants' proposed reading of *Woodford*, which would have required the defendants to show only that plaintiff failed to meet either the merits or the compliance test. *Id*. The court stated that such a reading "treats timeliness of grievances rather than proper exhaustion as the touchstone of *Woodford*. We believe that this is not the reading intended by the court in *Woodford* and does not further the policy objectives of the PLRA's exhaustion requirement." *Id.*

**B. Analysis**

Defendants argue that plaintiff has failed to exhaust all administrative remedies (#14, p. 12). Plaintiff admits in his reply that he "may not have complied with each minor detail" of Administrative Regulation ("AR") 740, but that defendants are "on notice" as to his claims (#16, p. 7).[2]

AR 740 provides inmates a formal grievance procedure. AR 740 has three levels of review, one informal and two formal, which must be met to exhaust the procedure (#14, Exhibit B, p. 11). Inmates are given six months to file an informal grievance when the claims involve personal property damage or loss, personal injury, medical claims or any other tort claims, including civil rights claims. *Id*., p. 14. Plaintiff then has five days after the return of a decision based on the level of review to appeal the decision. *Id*. All of the claims plaintiff filed are grievable under AR 740. *Id*., p. 12. The evidence reveals that plaintiff is familiar with the grievance process and knows how to complete all three levels so as to sufficiently exhaust (#14,

---

[2] Both plaintiff and defendants submit evidence with their motions (#14 and #16). Since the court relies on this evidence in making its determination, the court converts defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6).

- 5 -

1  p. GRE07-210258 (completing grievance GR-2006-9-17)).

2  In Count I, plaintiff alleges claims against defendant Shew for making a racial/sexist joke
3  at plaintiff's expense (#1, Exhibit A). Plaintiff further alleges that Dr. Siegel refused to intervene
4  (#1, Exhibit A). The evidence demonstrates that plaintiff filed informal grievance GR-2006-24-
5  17413, but did not file any other level of grievance (#14, pp. GRE07-210283-284). Therefore,
6  this allegation is dismissed, as plaintiff failed to properly exhaust the grievance procedure.

7  Plaintiff further alleges in count I that on October 25, 2006, defendant Shew pulled his
8  legs while he was in restraints, causing him to fall and hit his chin and elbow (#1, Exhibit A).
9  Plaintiff filed three separate informal grievances in response to the fall, GR-2006-24-17164, GR-
10 2006-24-17165, GR-2006-24-17414, but did not proceed to the first and second levels (#14, pp.
11 GRE07-210282-284). Plaintiff also filed four separate informal grievances about the injuries to
12 his chin and elbow, GR-2006-24-17166, GR-2006-24-17292, GR-2006-24-17528, GR-2006-24-
13 17541, but did not file any first or second level grievances (#14, pp. GRE07-210283-286). The
14 court dismisses these allegations as plaintiff failed to properly exhaust the grievance procedure.

15 In Count II, plaintiff alleges that on December 29, 2005, correctional officer Brandon
16 caught plaintiff in an automatic gate, and applied pressure to deliberately inflict injury (#1,
17 Exhibit A). This incident was fully and properly grieved under GR-2006-9-17 (#14, p. GRE07-
18 210258). However, because defendant Brandon was not served with this complaint, the claim
19 is dismissed (#22, p. 4).

20 Plaintiff also alleges in count II that defendants Brandon and Johnson put him in an illegal
21 choke hold on March 31, 2006 (#1, Exhibit A). The evidence reveals that plaintiff filed two
22 informal grievances regarding this incident, GR-2006-9-4945, GR-2006-9-5074, and one first
23 level grievance GR-2006-9-5074, but failed to complete the grievance process (#14, p. GRE07-
24 210267). Because plaintiff did not properly exhaust his administrative remedies, and because
25 defendants Brandon and Johnson were never served, this claim is also dismissed.

26 Finally, plaintiff alleges Warden Foster failed to remedy his situation during the grievance
27 process, and that she is liable for his injuries due to this failure (#1, Exhibit A). There is no
28 evidence that plaintiff filed grievances regarding this allegation. Therefore, the court dismisses

1  this claim.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies for all but one of his claims, and failed to serve the defendant as to the remaining claim.  As such, the court concludes that defendants motion to dismiss (#14) be **GRANTED**.  The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants motion to dismiss (#14) be **GRANTED.**

**DATED:** August 27, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**